1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

| JEFFREY WAYNE JINKA, JR., Appellant, v. SILVERLINE PROPERTIES LLC, Appellee. | CASE NO. 2:24-cv-01895-JNW |
|---|---|
| In re: Jeffrey Wayne Jinka, Jr., Debtor. | Bankruptcy No. 24-12585-TWD ORDER DENYING MOTION TO STAY PENDING APPEAL |

13
14
15
16
17

## 1. INTRODUCTION

18    Debtor Jeffrey Wayne Jinka, Jr. has appealed an interlocutory order of the

19 U.S. Bankruptcy Court for the Western District of Washington, and he requests a

20 stay of that order pending appeal. Dkt. No. 4. After considering Jinka's motion to

21 stay pending appeal, the record, and the applicable law, the Court DENIES the

22 motion as moot, or alternatively, on the merits.

23

## 2.  BACKGROUND

On July 19, 2024, Appellee Silverline Properties, LLC[1] purchased Jinka's home at a foreclosure sale. Bankr. Dkt. No. 12-1 ¶¶ 1, 2, and Ex. 1. Jinka held over at the property, so Silverline began an unlawful detainer action in state court, receiving a writ of restitution. *See id*. ¶¶ 10–15. At Jinka's request, the state court temporarily stayed Silverline's writ and set a rehearing date of October 11, 2024. *See id*. ¶¶ 19–20.

Jinka filed for bankruptcy on October 10, 2024, which automatically stayed Silverline's state-court, eviction proceedings. *See* Bankr. Dkt. No. 1; 11 U.S.C. § 362(a)(2) (stating that certain bankruptcy petitions "operate[] as a stay, applicable to all entities, of [] . . . any act to obtain possession of property of the estate . . . ."). Silverline promptly moved for relief from the automatic stay so that it could press forward with its state-court case. *See* Bankr. Dkt. No. 12. Soon after, Jinka moved for a temporary restraining order (TRO). *See* Bankr. Dkt. No. 22. On November 6, 2024, the Bankruptcy Court granted Silverline's motion and denied Jinka's. While Jinka appeals both orders, this matter only addresses his appeal of the order granting Silverline relief from the automatic bankruptcy stay. *See* Dkt. No. 1–2 (9th Cir. BAP Order Regarding Number of Appeals).

When he appealed, Jinka moved to stay the Bankruptcy Court's order granting Silverline relief from the automatic stay pending appeal. *See* Bankr. Dkt. No. 36. The Bankruptcy Court denied the motion, and Jinka subsequently filed it in

---

[1] In a separate filing, Silverline explains that it "has been docketed as 'Solverline', a typographical error." Dkt. No. 1 n.1.

this Court. *See* Bankr. Dkt. No. 44; Dkt. No. 4. Three days later, on November 18, 2024, the Bankruptcy Court dismissed Jinka's case for his failure to appear at his 11 U.S.C. § 341 meeting of creditors. *See* Bankr. Dkt. No. 55; Local Rules W.D. Wash. Bankr. 1017(e). Jinka has not appealed the dismissal.

## 3. DISCUSSION

### 3.1 Jinka's motion to stay the Bankruptcy Court's order pending appeal is moot.

Jinka's motion asks the Court to stay the effect of an interlocutory order that is no longer in effect. That interlocutory order granted Silverline relief from the automatic bankruptcy stay that Jinka triggered by filing for bankruptcy; the automatic stay prevented Silverline from litigating its unlawful detainer action against Jinka in state court until the bankruptcy proceedings resolved. *See* 11 U.S.C. § 362(a)(2) (stating that certain bankruptcy petitions "operate[] as a stay, applicable to all entities, of [] . . . any act to obtain possession of property of the estate . . . ."). While the bankruptcy case was pending, Silverline could only proceed with its state-court action by seeking relief from the automatic stay. *See id*. But when the bankruptcy case was dismissed, the automatic stay resolved on its own under the relevant statute. *See* 11 U.S.C. § 362(c)(2)(B) (stating that "the stay . . . continues until . . . the time the case is dismissed"); *see also Olive St. Invs. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) (holding debtor's right to automatic stay expires when "the bankruptcy proceeding is dismissed").

In short, an order from this Court staying the Bankruptcy Court's interlocutory ruling on an automatic stay that has since resolved in a dismissed

bankruptcy action would have no effect at all. *See In re Ponton*, 446 Fed. App'x. 427, 429 (3d Cir. 2011) (finding that dismissal of bankruptcy case mooted appeal of interlocutory order granting relief from automatic bankruptcy stay); *cf. Cummins v. Solgen Power*, Case No. 23-cv-5363-JLR, LLC, 2023 WL 5277689, at *1 (W.D. Wash. Aug. 16, 2023) (Robart, J.) (finding motion to dismiss was moot because it targeted a superseded, non-operative complaint). Accordingly, Jinka's motion to stay pending appeal is moot.

### 3.2    Even if the motion were not moot, it fails on the merits.

Under the Bankruptcy Rules, a debtor usually must file a motion to stay pending appeal in the bankruptcy court before requesting a stay from the reviewing court—which is the district court in this case. *See* Fed. R. Bankr. P. 8007(a)(1)(A); *In re Borjesson*, Case No. 19-0413-MJP, 2019 WL 1327324 (W.D. Wash. March 25, 2019) (Pechman, J.) (citing *In re Rivera*, Case No. 5:15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked.")). If the bankruptcy court denies the motion, the debtor may file a separate motion to stay pending appeal in the district court. *See* Fed. R. Bankr. P. 8007; *In re Irwin*, 338 B.R. at 844. In that scenario, however, the district court would not exercise its own discretion, but would instead decide whether the bankruptcy court abused its discretion when it denied the initial motion. *In re Irwin*, 338 B.R. at 844 (quoting *Universal Life Church v. United States*, 191 B.R. 433, 444 (E.D. Cal. 1995)). To reverse for abuse of discretion, the reviewing court "must have a definite and firm conviction that the

bankruptcy court committed a clear error of judgment in the conclusion that it reached[.]" *In re Kyle*, Case Nos. CC–05–1091–BKPa, LA 01–42196–VZ, 2006 WL 6810958, at *2 (9th Cir. BAP2006) (citing *In re Black*, 222 B.R. 896, 899 (9th Cir. BAP1998)).

Parties are not entitled to stays pending appeal as a matter of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012); *Nken v. Holder*, 556 U.S. 418, 433 (2009); *In re Borjesson*, 2019 WL 1327324, at *1. In bankruptcy appeals, motions to stay pending appeal must include "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." *In re Borjesson*, 2019 WL 1327324, at *1 (quoting Fed. R. Bankr. P. 8007(b)(3)) (denying emergency motion for TRO or stay pending bankruptcy appeal). Judges consider the following factors when deciding whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Lair*, 697 F.3d at 1203 (quoting *Nken*, 556 U.S. at 434); *see also In re Borjesson*, 2019 WL 1327324, at *2 (citing *DSB Credit Funding LLC v. Silicon Labs., Inc.*, Case No. 16-CV-05111-LHK, 2016 WL 6893882, at *6 (N.D. Cal. Nov. 23, 2016) ("Appellants seeking a discretionary stay under Rule 8007 must meet the terms of a test virtually identical to that for a preliminary injunction.") (citation omitted)).

1
2
3

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Lair*, 697 F.3d at 1203 (modification in original).

4
5
6
7
8
9
10
11
12

The Bankruptcy Court applied this standard—the correct legal standard—and sound reasoning when it denied Jinka's motion to stay pending appeal. *See* Bankr. Dkt. No. 44 at 2–3. Regarding the first prong Jinka provided only a vague and unsupported argument about why he was likely to succeed on the merits of his appeal. Bankr. Dkt. No. 36 at 14. Rather than pointing to any error in the Bankruptcy Court's order, Jinka argued that the original foreclosure of his home was subject to procedural irregularities. *See* Bankr. Dkt. No. 36 at 17–19 and *generally*. As Jinka failed to advance an argument on the merits of his appeal, the Bankruptcy Court correctly concluded that he failed to show a likelihood of success.

13
14
15
16
17
18
19
20
21
22

On the second prong, Jinka argued that he would face irreparable harm absent a stay because he would face eviction. Bankr. Dkt. No. 36 at 14. But the Bankruptcy Court aptly concluded that Jinka may challenge his eviction through the ongoing unlawful detainer action in state court. *See* Bankr. Dkt. No. 44 at 3. Given the record, including the evidence establishing Silverline's ownership of the property and the nature of the underlying unlawful detainer proceedings, the Bankruptcy Court's rulings on the third and fourth factors were also within its discretion. Having applied the correct law and having made no clear errors of judgment, the Bankruptcy Court did not abuse its discretion when it denied Jinka's motion to stay pending appeal.

23

## 4. CONCLUSION

The Court ORDERS that Jinka's emergency motion to stay pending appeal, Dkt. No. 4, is DENIED AS MOOT. In the alternative, the motion is DENIED on the merits. It is so ordered.

Dated this 26th day of November, 2024.

Jamal N. Whitehead
United States District Judge