The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY WAYNE JINKA, JR., <br><br> Appellant, <br><br> v. <br><br> SILVERLINE PROPERTIES LLC, <br><br> Appellee, | NO. 24-cv-1895-BJR <br> NO. 24-cv-1900-BJR |
| In re: Jeffrey Wayne Jinka, Jr., <br><br> Debtor | Bankruptcy No. 24-12585-TWD <br><br> **ORDER DISMISSING APPEALS** |

## I.     INTRODUCTION

Jeffrey Wayne Jinka, Jr. appealed two interlocutory orders of the U.S. Bankruptcy Court for the Western District of Washington. *See* Orders Regarding Number of Appeals, ECF No. 1-2 in 24-1895 and 24-1900. The Bankruptcy Appellant Panel opened two appeals before noting that it had received the appeals in error and then transferred them to this Court for disposition. *See id.*; Transfer Orders, ECF No. 1-3 in 24-1895 and 24-1900. Now pending before this Court is Appellee's Motion to Dismiss, ECF No. 5 in 24-1895. Having reviewed the motion, to which no response was filed,

ORDER DISMISSING APPEALS

- 1

the record in each appeal, and the relevant legal authorities, the Court will grant Appellee's motion and dismiss both appeals as moot. The reasoning for the Court's decision follows.

## II.     BACKGROUND

In brief,[1] Mr. Jinka filed for bankruptcy on October 10, 2024. Orders Denying Motion to Stay, ECF No. 7 in 24-1895; ECF No. 6 in 24-1900. His filing had the effect of automatically staying Appellee Silverline Properties, LLC's[2] state court eviction proceedings. *Id.* Silverline moved for relief from the automatic stay, and Mr. Jinka moved for a temporary restraining order ("TRO"). *Id.* The Bankruptcy Court granted Silverline's motion and denied the TRO, and Mr. Jinka appealed both orders. *Id.* When Mr. Jinka appealed, he also filed a motion in the Bankruptcy Court to stay its order granting Silverline relief pending his appeal. *Id.* The Bankruptcy Court denied Mr. Jinka's motion to stay pending appeal, and three days later, on November 18, 2024, the Bankruptcy Court dismissed Mr. Jinka's case for failure to appear at his 11 U.S.C. § 341 meeting of creditors. *Id.* Mr. Jinka has not appealed the dismissal of his bankruptcy case.

In this Court, Mr. Jinka filed a motion in each of his appeal cases to stay the Bankruptcy Court's orders pending appeal. *Id.* Both motions were denied as moot. *Id.* The Court explained that any order from this Court staying the Bankruptcy Court's interlocutory ruling on an automatic stay that had since resolved in a dismissed bankruptcy action would have no effect at all. *See id.* (citing *In re Ponton*, 446 F. App'x. 427, 429 (3d Cir. 2011); *cf. Cummins v. Solgen Power LLC*, Case No. 23-cv-5363-JLR, 2023 WL 5277689, at *1 (W.D. Wash. Aug. 16, 2023)). Silverline filed a motion

---

[1] A more detailed background is available in the Court's orders denying Mr. Jinka's motions to stay pending appeal. *See* Orders Denying Motion to Stay, ECF No. 7 in 24-1895; ECF No. 6 in 24-1900.
[2] Silverline was docketed as "Solverline" due to a typographical error.

ORDER DISMISSING APPEALS
- 2

to dismiss on multiple grounds, including that the appeal should be dismissed because it is moot. Mot. 6.

### III.     DISCUSSION

The court's inquiry into whether a bankruptcy appeal is moot centers around whether the court can fashion effective relief. *See e.g.*, *In re Spirtos,* 992 F.2d 1004, 1006 (9th Cir. 1993) (noting a line of cases holding that "an appeal becomes moot when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief"); *In re Gotcha Int'l L.P.*, 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004) ("An appeal is moot if it is impossible to fashion effective relief.").

The dismissal of Mr. Jinka's bankruptcy case, which he did not appeal, terminated any basis for relief from the interlocutory orders that Mr. Jinka appealed. Further, Mr. Jinka, by failing to respond to Silverline's dismissal motion, appears to concede that there is no effective relief for this Court to grant. Silverline has met its burden to establish that there is no controversy as to which effective relief can be granted, and the Court finds it unnecessary to address any additional arguments.

Accordingly, the Court dismisses both Mr. Jinka's appeals.

ORDER DISMISSING APPEALS

- 3

## IV. CONCLUSION

For the foregoing reasons,

1. Appellee's Motion to Dismiss Appeal, ECF No. 5 in 24-1895, is GRANTED;

2. Bankruptcy Appeal No. 24-1895 is DISMISSED; and

3. Bankruptcy Appeal No. 24-1900 is DISMISSED.

DATED this 3rd day of April, 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DISMISSING APPEALS

- 4